## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                              **No. 19-34**

**ERISTON WILSON**                                          **SECTION I**


## ORDER AND REASONS

Before the Court is defendant Eriston Wilson's ("Wilson") motion[1] for a new trial. The government opposes[2] the motion. For the following reasons, the Court denies the motion.

## I.      BACKGROUND

On December 12, 2019, a jury convicted Wilson of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting the brandishing of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[3] Wilson was sentenced to 272 months in prison.[4] Wilson appealed his conviction and his sentence. The Fifth Circuit affirmed Wilson's conviction but vacated his sentence due to a miscalculation of his criminal history under the United States Sentencing Guidelines.[5] Wilson is scheduled to be re-sentenced by this Court

---

[1] R. Doc. No. 308.
[2] R. Doc. No. 315.
[3] R. Doc. No. 128.
[4] R. Doc. No. 249, at 2.
[5] *United States v. Weldon*, No. 21-30474, 2022 WL 4363831, at *8 (5th Cir. Sept. 21, 2022).

on June 7, 2023.[6] Wilson is no longer represented by counsel who represented him during trial.

The charges against Wilson resulted from his alleged participation in seven convenience store robberies in and around New Orleans. Wilson was accused of conspiring to commit the robberies with his co-defendant, John Weldon ("Weldon").[7] Weldon was also charged with crimes related to a bank robbery he allegedly committed with Eugene Lewis ("Lewis").[8] Lewis pleaded guilty to charges in this matter.[9] At Wilson's trial, Lewis testified that he posed as a customer to help Weldon rob the bank,[10] but he did not implicate Wilson in the bank robbery and said only that he knew Wilson.[11] Lewis denied that he participated in any of the convenience store robberies committed by Wilson and Weldon.[12]

The crux of the instant motion is an alleged disparity between the testimony of an investigating agent at Lewis' pre-trial detention hearing and the testimony of other agents at Wilson's trial. When asked during Wilson's trial if any suspects other than Wilson and Weldon were identified during the investigation of the convenience store robberies, three law enforcement officers testified that there were none.[13] Wilson argues that this testimony conflicts with that of a different agent at Lewis'

---

[6] R. Doc. No. 318.
[7] R. Doc. No. 34, at 2.
[8] *Id.* at 4–5.
[9] *See* R. Doc. Nos. 79, 80.
[10] R. Doc. No. 272, at 117–18, 122–26.
[11] *Id.* at 150.
[12] *See id.* at 102–32.
[13] *See id.* at 216, 233; R. Doc. No. 273, at 515.

pre-trial detention hearing. There, when asked if Lewis "remains a person of interest" in the string of convenience store robberies, Special Agent Wesley Lambright ("Lambright") responded "Yes, sir, he does."[14] Wilson alleges that Lambright's testimony at Lewis's detention hearing identifying Lewis as a "person of interest" is newly discovered evidence that justifies a new trial.[15] Wilson's counsel further contends that the alleged disparity between the testimony at the trial and Lewis' detention hearing constitutes "a material *Brady* claim relevant to both Mr. Wilson's conviction and sentence."[16]

Specifically, Wilson argues that this allegedly newly discovered evidence "raises reasonable doubt as to [Wilson's] guilt and creates sufficient probability that a jury hearing it would be left with reasonable doubt."[17] Wilson asserts that this information "would have provided a basis for arguing that Lewis and not Mr. Wilson committed the seven two-person gas station and convenience store robberies."[18] Wilson's current counsel points out that Wilson's trial counsel did not ask "a single question about the two-person armed robberies of the gas stations and convenience stores; including whether or not [Lewis] was ever considered a person of interest or a suspect and whether or not these armed robberies were part of his plea bargain discussions with the Government."[19] In Wilson's view, the evidence "greatly

---

[14] R. Doc. No. 51, at 47.
[15] R. Doc. No. 308-1, at 2.
[16] *Id.* at 5.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 4.

strengthens the argument that Mr. Lewis committed the crimes Mr. Wilson stands convict[ed] of committing" and thus "seriously undermines confidence in the first trial's outcome."[20]

## II.    LEGAL STANDARD

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." *Id.* 33(b)(1).

"Motions for new trials based on newly discovered evidence are disfavored by the courts and therefore are viewed with great caution." *United States v. Sullivan*, 112 F.3d 180, 182–83 (5th Cir. 1997) (quotations and citations omitted). In the Fifth Circuit, the "*Berry* rule" is applied to determine when a new trial is warranted based on newly discovered evidence. *Id.* at 183. To obtain a new trial based upon new evidence, a defendant must show that:

> (1) the evidence was newly discovered and unknown to the defendant at the time of the trial; (2) failure to detect the evidence was not a result of lack of due diligence by the defendant; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence will probably produce an acquittal.

*United States v. Ardoin*, 19 F.3d 177, 181 (5th Cir. 1994) (citing *United States v. Peña,* 949 F.2d 751 (5th Cir. 1991)); *accord United States v. Staggers*, No. 16-36, 2021 WL 4742968, at *1 (E.D. La. Oct. 12, 2021) (Lemmon, J.) (citing *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004)). If the defendant fails to demonstrate any one of

---

[20] *Id.* at 6–7.

these factors, the motion for new trial should be denied. *Wall*, 389 F.3d at 467 (citing

*United States v. Freeman,* 77 F.3d 812, 817 (5th Cir. 1996)).

Additionally, "[w]hen a motion for a new trial based on newly discovered evidence raises a claim under *Brady*, the defendant must demonstrate that (1) the prosecution suppressed evidence; (2) the evidence was favorable to him; and (3) the evidence was material either to guilt or punishment." *United States v. Severns*, 559 F.3d 274, 278 (5th Cir. 2009).

## III.   ANALYSIS

As a threshold matter, Wilson's motion, which is based on the alleged existence of newly discovered evidence, is untimely. Rule 33(b)(1) states plainly that a motion for new trial grounded on newly discovered evidence must be filed "within 3 years after the verdict or finding of guilty." The jury found Wilson guilty on December 12, 2019.[21] Wilson filed the instant motion[22] on March 15, 2023, more than three years after the guilty verdict. Though Wilson's motion acknowledges the three-year deadline, it does not discuss its own untimeliness.[23]

"[T]he Supreme Court has indicated that untimeliness is not fatal to a motion for new trial if the government fails to object to the motion on that basis." *United States v. Causey*, 568 F. App'x 269, 276–77 (5th Cir. 2014); s*ee also United States v. Anderson*, No. 17-222, 2022 WL 1128954, at *2 (N.D. Tex. Apr. 15, 2022) (applying Rule 45's "excusable neglect" standard to an untimely Rule 33 motion, and finding

---

[21] R. Doc. No. 128.
[22] R. Doc. No. 308.
[23] *Id.* at 7.

that the defendants did not satisfy that standard). The government has objected to the timing of Wilson's motion.[24] Nevertheless, the Court will also address the merits of Wilson's motion.

Considering the merits, Wilson's motion fails. Wilson's motion does not show—or even attempt to show—that, at the time of trial, Wilson was unaware of Lambright's testimony. *See Ardoin*, 19 F.3d at 181 (noting that defendant must show that "the evidence was newly discovered *and unknown to the defendant* at the time of the trial" (emphasis added)). As the government points out, the transcript of Lewis' detention hearing was entered into the record in this matter on August 7, 2019, approximately four months before Wilson's trial began on December 9, 2019.[25] Thus, any failure by Wilson's trial counsel to note Lambright's testimony that Lewis was considered a person of interest at the time of Lewis' detention hearing would arguably be attributable to a lack of due diligence.

Moreover, even if the testimony was unknown to Wilson's trial counsel for a reason other than lack of diligence, the testimony is not material. "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Severns*, 559 F.3d at 278. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Wilson contends that the jury would have been left with reasonable doubt had it known that Lewis was considered a person of interest

---

[24] R. Doc. No. 315, at 2–3.
[25] *Id.* at 5.

in the convenience store robberies as late as February 13, 2019.[26] In Wilson's view, the testimony "would have provided a basis for arguing that Lewis and not Mr. Wilson" committed the seven convenience store robberies.[27]

The government disagrees, arguing that there is a difference between a "suspect" and a "person of interest."[28] "A 'person of interest' is someone with personal knowledge of the conduct under investigation, but who is not necessarily suspected of criminal conduct."[29] *United States v. Ketner*, 566 F. Supp. 2d 568, 574 (W.D. Tex. 2008); *accord Steele v. City of Erie*, 113 F. App'x 456, 458 n.5 (3d Cir. 2004). Under this definition, Lambright only stated his belief that Lewis had knowledge concerning the convenience store robberies, not that he was then suspected of committing those robberies himself. Moreover, the argument that Lewis, rather than Wilson, committed the convenience store robberies was always available to Wilson even though, as he acknowledges, his trial counsel never made it.[30] This is especially true given that Lewis was charged in the same indictment as Wilson for his involvement with the bank robbery.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Wilson's motion for a new trial is **DENIED**.

---

[26] R. Doc. No. 308-1, at 5.
[27] *Id.*
[28] R. Doc. No. 315, at 5.
[29] *Id.*
[30] R. Doc. No. 308-1, at 4.

New Orleans, Louisiana, May 10, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**